| .KLEES, Chief Judge.
The question presented for our review is whether the district court erred' in maintaining defendant’s exceptions of personal and subject matter jurisdiction where a Louisiana domiciliary has filed suit against a non-resident insurance company for a breach of an insurance contract executed in Washington, D.C.
Plaintiff, Dr. William ■ W. Alden, purchased a homeowner’s insurance policy from defendant, State Farm, while residing in Washington, 'D.C. In December 1993, plaintiffs house was allegedly burglarized. Plaintiff submitted a claim to defendant for the loss of the property in January 1994. After an investigation, defendant denied plaintiffs claim in a letter dated July 30, 1996. Meanwhile, in June 1996, plaintiff moved to New Orleans to take a position at Tulane University Hospital. When plaintiff received the letter denying his claim in September 1996, he responded with further inquiries regarding the denial. Defendant then responded by maintaining its denial and providing further explanation as to the reasons for denial. Plaintiff then filed suit in June 1998. Defendant filed declinatory exceptions as to personal and subject matter jurisdiction. The district court maintained the exceptions and assigned reasons for judgment. We conclude that the trial court erred and reverse the judgment.
| ¡¿Plaintiff asserts that as a Louisiana domiciliary he may bring suit against an insurance company that does a substantial amount of business in Louisiana, even though the insurance contract giving rise to the claim was executed elsewhere. Because defendant is a national insurance company and does have a significant insurance trade in Louisiana, plaintiff argues he has established the minimum contacts necessary to confer personal jurisdiction.
Defendant, on the other hand, argues that while it does do business in Louisiana, the contract giving rise to plaintiffs claim has no connection whatsoever with Louisiana. The minimum contacts must give rise to the action being brought by the plaintiff, and defendant’s business in Louisiana has nothing to do with an insurance contract made in Washington, D.C. Furthermore, they argue that even were the contacts sufficient for personal jurisdiction, there are still the notions of-fair play and substantial justice to be considered. Such notions would be offended here as trying the case in Louisiana would put an undue burden on the defendant considering that a) the contract was made in Washington, D.C., b) the claim was made in Washington, D.C., c) the investigation was carried out in Washington, D.C., and d) all of the defendant’s records are in Washington, D.C. The defendant further asserts that the doctrine of forum non conveniens should apply if jurisdiction is found to be proper.
IMPERSONAL JURISDICTION
Due process requires that in order to subject a nonresident defendant to a personal jurisdiction, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The Supreme Court later distinguished between “specific” and “general” personal jurisdiction. ■ A State has specific personal jurisdiction over a defendant in a suit arising out of the defendant’s contacts with that State. A State has general personal jurisdiction where the defendant has contacts with that State but the suit does not arise from those contacts. Helicopteros Nacionales deColombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Because the suit does not arise from the defendant’s, contacts with the State, those contacts must be continuous and systematic for that State to have jurisdiction over a nonresident defendant. Furthermore, general personal jurisdiction must also comport with the notions of fair play and substantial justice, de Reyes v. *434 Marine Management and Consulting, Ltd., 586 So.2d 103 (La.1991). In determining whether the exercise of personal jurisdiction would offend the notions of fair play and substantial justice, several factors may be considered: the burden on the defendant, which is a primary concern; the forum state’s interest in adjudicating the dispute; the plaintiffs interest in obtaining convenient and effective relief; the interstate judicial system’s interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. Id. at 107.
| ¿In this case, the action does not arise out of the defendant’s contacts with Louisiana; thus, there is no specific personal jurisdiction. However, because the defendant does have offices here and does a substantial amount of business here, it can be said that its contacts with Louisiana are continuous and systematic, which is enough to establish general personal jurisdiction. Nonetheless, there still remains the question of fairness. While it is true that the contract was executed in Washington, D.C., the claim was made in Washington, D.C., the investigation performed and records kept in Washington, D.C., the burden of trying the case in Louisiana is not that great for the defendant. Modern communication and transportation make the burden negligible. As- a result of doing business here, the - defendant already has local counsel. Getting the records to Louisiana would not be burdensome for the defendant. There is not likely to be a significant number of witnesses to travel here. It is likely to be just as burdensome on the plaintiff to try the case in Washington, D.C. as it is for the defendant to try the case in Louisiana. Furthermore, Louisiana has a policy interest in the case. The defendant is a national insurance company doing business in Louisiana; its insurance policies are uniform policies that are purchased by Louisiana citizens. The resolution of this dispute may have an effect on the manner in which claims are settled with any person insured by the defendant, which includes Louisiana residents. Moreover, the defendant, by doing business here, was on notice that it could be haled into court in Louisiana. Defendant also benefitted from Louisiana’s laws and public services by doing business here. It is clear that, while the defendant will be burdened by trying the case in Louisiana, that burden is slight, especially considering Louisiana’s interest in the ease, the traditional notions of fair play and substantial justice would not be offended by Louisiana exercising jurisdiction.
^SUBJECT MATTER JURISDICTION
The La. Constitution grants the district courts jurisdiction over civil matters. Being a contract case, this is a civil matter, which confers subject matter jurisdiction.
FORUM NON CONVENIENS
Forum non conveniens is a doctrine that gives a court the power to refuse to exercise its jurisdiction when it believes that the matter could be tried more efficiently and appropriately in another forum, which is provided for in La. C.C.P. art. 123. The factors to be considered include the forum in which the transactions took place, the convenience of the parties, and the interests of justice. As discussed above, the transactions took place predominantly in Washington, D.C. However, it would likely be more inconvenient for the plaintiff to try the case in Washington, D.C. than for the defendant to try the case here. In addition the facts of this matter indicate that the case in chief will consist of interpretation of the contract relative to his claim. There is no reason why another forum would be necessary to address these issues. Additionally this issue is raised for the first time, brief and oral argument we consider it to be untimely See Rule 1-3 URCAA.
Accordingly, for the reasons set forth above, the district court’s judgment is re *435 versed and the matter remanded for further proceedings.
REVERSED AND REMANDED.